IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID FERNANDO CHAVER-CASTILLO,<br><br>Petitioner,<br><br>vs.<br><br>JEROME J. KRAMER, Sheriff of Lincoln County;<br><br>Respondent. | **8:26CV486**<br><br>**ORDER TO SHOW CAUSE** |

The Petitioner seeks immediate release from the custody of the Department of Homeland Security and ICE at the Lincoln County Detention Center in North Platte, Nebraska. Filing No. 1.

The petitioner alleges that he is being held in immigration detention by federal authorities, but the only named respondent is a state official. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction, however, must be joined as a party if in that person's absence, the Court cannot accord complete relief, or the person has an interest in the subject of the action that might not be protected if the action was disposed of in the person's absence. Fed. R. Civ. P. 19(a)(1); *see also* *Rivero-Tapanes v. Rokosky*, No. CV-26-01542-PHX-RM (CDB), 2026 WL 1469826, at *4 (D. Ariz. May 26, 2026). Therefore, in order to ensure complete relief, the Court will join Department of Homeland Security Secretary Markwayne Mullin, Attorney General Todd W. Blanche, and David J. Venturella, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement as Respondents to this action. *See generally* Fed. R. Civ. P. 19(a)(2); Fed. R. Civ. P. 21.

Therefore, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Todd W. Blanche, U.S. Attorney General; Markwayne Mullin, Secretary of Homeland Security; and David J. Venturella, Senior Official Performing the Duties of the Director of U.S. Immigration & Customs Enforcement per Petitioner's Complaint. The Clerk shall then add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the federal Respondents and shall, after doing so, regenerate the filing for the petition.
2. The respondents shall, on or before **September 4, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.
3. The respondents' answer must include:
    a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;
    b. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;
    c. The government's position on whether an evidentiary hearing should be conducted;

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

d. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant; and

e. **Copies of any and all documents referenced in Respondents' responsive brief or in a supporting declaration of a deportation officer**;

4. The petitioner may reply in support of the petition on or before **September 11, 2026**.
5. The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.
6. If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

Dated this 1st day of September, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge