IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID FERNANDO CHAVER-CASTILLO,<br><br>Petitioner,<br><br>vs.<br><br>JEROME J. KRAMER, Sheriff of Lincoln County, et al.,<br><br>Respondents. | 8:26-CV-486<br><br>ORDER |

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody. Filing 1. The petitioner was detained on August 12, 2025, and he alleges that his continued detention is unlawful. *See* filing 1 at 2; filing 6 at 4.

This is not his first petition. In case no. 8:26-cv-120, on April 8, 2026, this Court conditionally granted his petition for a writ of habeas corpus, and ordered the Court to provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations on or before April 15, 2026. *Chaver-Castillo v. Warden*, case no. 8:26-cv-120 (D. Neb. Apr. 8, 2026). That bond hearing was held and bond was denied. Filing 6 at 5. The petitioner appealed to the Board of Immigration Appeals, and that appeal remains pending. Filing 6 at 5. The petitioner also filed a "motion to enforce" with this Court, claiming he had been denied a fair hearing, but the Court disagreed and denied his motion. *Chaver-Castillo v. Warden*, case no. 8:26-cv-120 (D. Neb. June 16, 2026). His appeal from an immigration judge's order of removal to Honduras also remains pending. Filing 6 at 5.

The petitioner asserts his continued detention violates due process. *See* filing 1 at 6. This Court has held that for some aliens who have entered into and established residence in the United States, indefinite detention without a bond hearing pursuant to 8 U.S.C. § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026).

But the petitioner, this Court has already held, is detained pursuant to § 1226(a), not § 1225. *Chaver-Castillo v. Warden*, case no. 8:26-cv-120, slip op. at 1-2 (D. Neb. Apr. 8, 2026) (citing *Dos Santos Silva v. Warden, Lincoln Cnty/ Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026)). Accordingly, the petitioner can request a custody redetermination hearing based on circumstances that "have changed materially since the prior bond redetermination." *See* 8 C.F.R. § 1003.19(e); *see also* 8 C.F.R. § 236.1(d)(1).

Because the petitioner failed to request a custody redetermination hearing, he failed to administratively exhaust his claim that his continued detention is unlawful. *See Geach v. Chertoff*, 444 F.3d 940, 945 (8th Cir. 2006). To the extent the petitioner is insisting that outright release, rather than a bond hearing, is the appropriate remedy, the petitioner's argument essentially invites the Court to reweigh the evidence available to the immigration judge, *see* filing 1 at 6, which the Court cannot do, *see* § 1226(e).

The petitioner's claim can be resolved by demanding a hearing, and then appealing an unsatisfactory ruling to the Board of Immigration Appeals. Accordingly,

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice.

2. A separate judgment will be entered.

Dated this 16th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge